# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA

    v.                                        CRIMINAL NO. 2008-10111-RGS

JONATHAN BURNS,
ALVIN CEPEDA,
    Defendants.

## MEMORANDUM AND ORDER DENYING ENLARGEMENT OF TIME TO FILE AND SERVE DISCOVERY LETTERS AND TO FILE AND SERVE NON-DISCOVERY TYPE MOTIONS

COLLINGS, U.S.M.J.

    On July 7, 2008, the Court held an Initial Status Conference in this case pursuant to L.R. 116.5(A). At that time, counsel for the defendant requested an enlargement of time to file discovery letters to the government pursuant to L.R. 116.3(A) beyond the 42-day period set by the Local Rule. That request was granted; the Court allowed the period of time requested by counsel, i.e., to

August 4, 2008.

Counsel also asked for a period time to August 25, 2008 to file all non-discovery type motions (i.e., motions to dismiss, suppress, etc.); the Court granted that request and set the Final Status Conference (L.R. 116.5(C)) for August 28, 2008.

Counsel appeared on August 28, 2008. In the interim, no motion to enlarge the time for filing discovery letters beyond August 4th and no motion to enlarge the time for filing non-discovery type motions had been filed. However, it appears that counsel for the defendants, without leave of Court, served a discovery letter on counsel for the government on August 22, 2008. Further, a copy of the letter was not filed as required by L.R. 116.3(A). No motions were filed by the August 25th deadline.

At the Final Status Conference, defendants' counsel asked for leave to serve the discovery letter on August 22, 2008 *nunc pro tunc* and for an enlargement of time to file and serve non-discovery type motions. After hearing, the Court DENIED the requests.

Simply put, the Court cannot manage cases efficiently if counsel can decline to ask for extensions of deadlines but rather decide to ignore them and

beg for mercy later. It may seem axiomatic, but counsel must know the deadlines set by the Court are orders which cannot be simply ignored no matter how busy counsel are. In the instant case, there is no good reason why counsel could not have filed a motion seeking these enlargements in a timely manner.

L.R. 116.3(J) embodies this principle. Any discovery requests or motions filed after the time allotted by the Court pursuant to L.R. 116.3 must contain a certification to the effect that:

> ...the discovery request resulting in the motion was prompted by information not known, or issues not reasonably foreseeable, to the moving party before the deadline for discovery motions, or that the delay in making the request was for other good cause, which the moving party must describe with particularity.

In the instant case, the Court finds that none of these prerequisites for an enlargement were met.[1]

Further, the Court notes that upon a review of defendants' counsel's letter to the government dated August 22, 2008, it appears that most of what is requested in not proper discovery under the Federal Rules of Criminal Procedure, and, further, that the bases of the proposed motions to suppress

---

[1] Of course, the government is free to provide whatever part of the discovery requested it believes is proper voluntarily.

were not properly the subject of such motions.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

August 28, 2008.